1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABOVENET COMMUNICATIONS, INC.,
f/k/a METROMEDIA FIBER NETWORK
SERVICES, INC.,

                Plaintiff,

    v.

360NETWORKS (USA) INC.,

                Defendant.

CASE NO. C06-1788JLR

ORDER

## I.  INTRODUCTION

This matter comes before the court on a motion for a temporary restraining order and preliminary injunction brought by Plaintiff AboveNet Communications, Inc. ("AboveNet") (Dkt. # 2).  AboveNet has not served Defendant 360Networks (USA) Inc., ("360Networks") with its motion, although AboveNet's counsel informs the court that she emailed a copy of the pleadings to 360Networks' counsel.  For the reasons stated below, the court DENIES AboveNet's motion for a temporary restraining order, orders AboveNet to serve 360Networks with all pleadings on file in this action along with this order, and directs 360Networks to respond to AboveNet's motion for a preliminary injunction in accordance with Local Rules W.D. Wash. CR 7(d)(3).

ORDER – 1

## II.  BACKGROUND & ANALYSIS

AboveNet and 360Networks are providers of fiber optic telecommunications capacity.  Kelly Decl., ¶ 7.  In May 2000, AboveNet and 360Networks entered into a Joint Building Agreement ("JBA") and later entered into a Scope of Work Agreement ("SOW") to construct and operate an underground fiber optic telecommunications network in the Seattle metropolitan area (the "Network").  Id. at ¶ 2.  Pursuant to the JBA and SOW, AboveNet was given ownership interest in eight conduits (the "Conduits") on the Network.  Id. at ¶ 3.  It appears that while the Conduits were being constructed, AboveNet filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and a reorganization plan became effective in September 2003.  Id. at ¶ 9.  360Networks' claim for payment from the Conduits sold to AboveNet was discharged in the AboveNet bankruptcy.  Id. at ¶ 10.  AboveNet claims ownership of the Conduits because title to the Conduits passed to it prior to its petition for bankruptcy.  Id.

In mid-2005, AboveNet contacted 360Networks and offered to purchase the Conduits.  Id. at ¶ 14.  AboveNet asserts that its attempt to purchase what it already owned was the result of a gap in institutional knowledge within AboveNet.  Id.  During the negotiations for the purchase of the Conduits, AboveNet realized its error and refused to purchase conduits it owned.  Instead, AboveNet suggested to 360Networks that it should permit AboveNet to use the Conduits until the ownership dispute is resolved.  Id. at ¶ 17.  If the dispute is resolved in favor of 360Networks, AboveNet agreed to pay 360Networks for the Conduits.  Id.  360Networks rejected the offer and suggested that AboveNet purchase the Conduits for $300,000.  Id. at ¶¶ 18-19.  This dispute ensued.

AboveNet claims that, because it is not able to use the Conduits, it is incurring penalties of $2,000 per day pursuant to a contract it has with Sprint.  In addition to the

ORDER – 2

1    monetary penalties, AboveNet claims that its reputation in the industry will be damaged if

2    it is not able to perform its duties under the Sprint contract.

3            Without assessing the merits of AboveNet's claims against 360Networks, the court

4    finds that AboveNet has not met the standard for issuing a temporary restraining order

5    without providing notice to 360Networks.  Under Fed. R. Civ. P. 65(b), an ex parte

6    temporary restraining order can issue only if:

7

8         (1)    it clearly appears from specific facts shown by affidavit or by the
                 verified complaint that immediate and irreparable injury, loss, or
9                damage will result to the applicant before the adverse party or that
                 party's attorney can be heard in opposition, and
10

11        (2)    the applicant's attorney certifies to the court in writing the efforts, if
                 any, which have been made to give the notice and the reasons
12               supporting the claim that notice should not be required.

13           The court is not persuaded that AboveNet will suffer irreparable injury before

14   360Networks can be notified of its request for injunctive relief.  The principal basis of

15   AboveNets' motion is that it is incurring $2,000 per day for failing to perform for one of

16   its customers.  Yet, the record indicates that AboveNet could perform if it agreed to pay

17   $300,000 to 360Networks for the use of the Conduits until the ownership dispute is

18   resolved.  The court sees nothing in the record that would preclude AboveNet from

19   requesting damages in this amount from 360Networks during the arbitration.  Moreover,

20   the court notes that a year ago AboveNet was willing to purchase the Conduits from

21   360Networks.  Accordingly, the court finds no indication that AboveNet will suffer

22   irreparable harm if 360Networks is given the opportunity to respond to its request for

23   injunctive relief.

24           The court declines to delve any further into the potential merit of AboveNet's

25   claim or its motion for preliminary injunction until 360Networks is afforded the

26   opportunity to respond to AboveNet's motion.

27

28   ORDER – 3

1

## III.  CONCLUSION

2

For the foregoing reasons, the court DENIES AboveNet's motion in part (Dkt.

3

# 2).  The court declines to issue an ex parte temporary restraining order.  In order to

4

expeditiously address AboveNet's motion for a preliminary injunction, the court directs

5

AboveNet to serve 360Networks with all pleadings in this action, including this order,

6

and directs 360Networks to respond to AboveNet's motion for a preliminary injunction.

7

If appropriate, the court will order a hearing after reviewing 360Networks' response to

8

this order.[1]

9

10

Dated this 18th day of December, 2006.

11

12

13

14

15

_____

16

JAMES L. ROBART
United States District Judge

17

18

19

20

21

22

23

24

25

26

[1]  AboveNet properly noted its preliminary injunction motion for the third Friday after filing, or January 5, 2006.  Local Rules W. D. Wash. CR 7(d).  (AboveNet mistakenly refers to the noting date as four Fridays from filing.)  Because 360Networks has not, however, been served as of the filing date, if requested, the court will grant a reasonable extension of time for it to respond to the motion.

27

28

ORDER – 4